UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD L. DAILEY, | : | |
|     Petitioner; | : | |
| | : | CIVIL NO 3:05CV223(JBA) |
| v. | : | CRIMINAL NO. 3:02CR340(JBA) |
| | : | |
| UNITED STATES, | : | JUNE 10, 2005 |
|     Respondent. | | |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

By motion dated February 1, 2005, and filed February 4, 2005, the plaintiff, Edward L. Dailey seeks to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255. [doc. #80]. The plaintiff's three claims raised in his motion all relate to his sentence of 188 months' imprisonment, which was entered after his guilty plea to possession of a firearm by a convicted felon. The sentence was at the bottom of the applicable Sentencing Guideline range, to which the defendant did not object at sentencing. Significantly, the sentence imposed was only eight months greater than the mandatory minimum sentence to which he was subjected as an Armed Career Criminal, pursuant to Title 18, United States Code, Section 924(e).

Although his petition is difficult to decipher, Dailey appears to allege, in his first and second claim, that the sentence was in violation of his 5th Amendment right because this Court, and not a jury of his peers, made certain sentencing determinations, namely that the firearm was possessed in connection with a controlled substance offense and that he had committed the instant offense within ten months of his release from prison for another offense. His third claim alleges a violation of his 6th Amendment right because he asserts he was never informed that his

history points would be increased on account of the enhancement for possession in connection with a controlled substance offense, from a level 28 to a level 34 under the Armed Career Criminal Sentencing Guidelines.

For the reasons set forth herein, the plaintiff's motion should be denied.

I.     BACKGROUND

The defendant, Edward L. Dailey, was charged in a one-count Indictment returned on November 26, 2002, with Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1). [doc. #1]. Because the defendant had at least three prior convictions of a violent felony or a serious drug offense, as was alleged in the Indictment, he was subject to a mandatory minimum term of imprisonment of 15 years, pursuant to Title 18, United States Code, Section 924(e). The charges against the defendant arose from his arrest on October 8, 2002, in Hartford, Connecticut, when he was found to be in possession of a Lorcin, .25 caliber, semi-automatic handgun, fully-loaded with seven .25 caliber rounds.

On March 28, 2003, the defendant moved to suppress the firearm found on his person during an investigative stop [doc. #16]. From May 29, 2003, until December 11, 2003, the Court held several days of hearings and entertained briefing relating to the Motion to Suppress. On December 30, 2003, the Court issued a 22-page Ruling denying the defendant's motion [doc. #47].

On February 9, 2004, the defendant entered a guilty plea to the one-count Indictment. The defendant entered his guilty plea while reserving his right to appeal the Court's ruling denying his Motion to Suppress. At the plea proceeding and in the plea agreement, the defendant acknowledged that he faced a maximum penalty of life imprisonment and a mandatory minimum

penalty of 15 years imprisonment in the event the Court determined that he had three prior convictions for either crimes of violence or serious drug offenses pursuant to 18 U.S.C. § 924(e) [doc. #51]. The defendant also acknowledged that he understood that the maximum term of imprisonment of life and the mandatory minimum term of 15 years in his plea petition. [doc. #52]. During the plea proceeding and in the plea agreement, the defendant also acknowledged that he understood that the Sentencing Guidelines applied to his case and that Sentencing Guideline determinations would be made by the Court based upon input from the defendant, the Government, and the United States Probation Office. [doc. #51 at 3]. Further, he understood that he had no right to withdraw his guilty plea if his sentence or the Guideline application was other than he anticipated. Id.

On May 25, 2004, the Court held a sentencing hearing. At that time, the Court addressed the defendant and he confirmed that he had read the Presentence Report ("PSR") [doc. #60], had reviewed it with his lawyer and that he understood its contents. May 25, 2004 Transcript (hereinafter"Exhibit A"), at 2-3. He also indicated that he had had sufficient opportunity to give input regarding the contents of the report to the Probation Officer through his attorney or directly. Id. On May 21, 2004, the defendant, through his counsel, filed a Memorandum in Aid of Sentencing. [doc. #57]. In that document, defendant indicated that he did not object to the Guideline calculation of 188 to 235 month Guideline range contained in the Presentence Report. [doc. #57 at 1]. The defendant's sentencing memorandum made several corrections in regard to factual content of the report and requested that the defendant be sentenced at the bottom of the applicable Guideline range, that is, the 188 months to which the defendant was sentenced. [doc. #57 at 7].

During the sentencing hearing, the Court reviewed with the defendant the PSR Guideline calculation, including the offense level of 34 pursuant to U.S.S.G. §4B1.4(b)(3)(A), on account of the defendant's criminal history "show[ing] him to be an Armed Career Criminal, as the term is defined in 18 U.S.C. § 924(e), with three prior drug or violent felony convictions, and because the gun at issue in this unlawful possession of a firearm was in connection with drug transactions." Exhibit A at 7. The defendant's PSR, in fact, listed at least ten prior convictions for crimes of violence or serious drug offenses. PSR ¶¶ 28-54. The Court applied the three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility on account of the defendant's entry of guilty plea and his letter to the Court resulting in a total offense level of 31. Exhibit A at 8. The Court confirmed that there were no objections from either side in regard to the application of the Guidelines that the PSR set forth, nor was there any dispute that the defendant had a criminal history category of VI. Id. at 8. The Court, therefore, found that the appropriate Guideline range was 188 to 235 months. Id. Defendant's counsel then argued for a sentence at the bottom of the applicable range or a sentence of 188 months. Id. at 9-17. The Court then inquired as to whether the defendant would like to make any comments to which he indicated he had nothing further to add, and his counsel indicated that he would rest on his comments in his letter to the Court. Id. at 21. The Court then imposed a sentence of 188 months to be followed by a term of supervised release of five years. Id. at 22-23.

Mr. Dailey was represented throughout the several hearings on suppression, the change of plea, and his sentencing by Assistant Federal Public Defender Roger Sigal. Mr. Sigal filed a timely Notice of Appeal on Mr. Dailey's behalf on June 3, 2004 [doc. #63]. That Notice of Appeal noted that the appeal concerned the conviction only, by checking that option on the

Notice of Appeal form, and not checking the conviction and sentence option. As the plaintiff notes in his petition, Assistant Federal Public Defender Sigal moved from the District of Connecticut to Arizona and filed his withdrawal in this matter. [doc. #64]. On July 30, 2004, Assistant Federal Public Defender Gary D. Weinberger filed his appearance for the defendant, and undertook his representation in regard to the appeal. [doc. #75]. By motion dated September 23, 2004, the defendant moved to withdraw his appeal with prejudice. Motion and supporting Affidavit, including withdrawal of appeal signed by the defendant Edward Dailey on September 22, 2004, is attached hereto as Exhibit B. The Second Circuit granted the defendant's motion on September 28, 2004. Order attached as Exhibit C. As is set forth in the attached transcript from Connecticut Superior Court, Judicial District for Hartford, dated September 22, 2004 (hereinafter "Exhibit D), the defendant withdrew his appeal in consideration for the State of Connecticut agreeing to an unconditional discharge after a guilty plea under the Alford Doctrine to an unrelated charge of Robbery in the First Degree.

II.    DISCUSSION

    A.    Dailey's Claims Are Procedurally Barred Because He Failed To File A Direct Appeal

A habeas petitioner must not have procedurally defaulted his claims by failing to raise them at trial (whether by motion, objection or otherwise) and on direct appeal. See Murray v. Carrier, 477 U.S. 478, 490-492 (1986). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998); Ciak v. United States, 59 F.3d 296, 302 (2d

Cir.1995); <u>Campino v. United States</u>, 968 F.2d 187, 190 (2d Cir.1992). "A motion under § 2255 is not a substitute for an appeal." <u>United States v. Munoz</u>, 143 F.3d 632, 637 (2d Cir.1998).

In the present case, as is set forth above, plaintiff Dailey never raised his claims regarding sentencing in the district court nor did he raise them in his Notice of Appeal from his judgment of conviction, which was limited to his conviction, not his sentence.  Therefore, he has procedurally defaulted his claims.  Even if he had raised the sentencing claims in his notice of appeal, he would have subsequently waived them, as he voluntarily withdrew his appeal in consideration for receiving an unconditional discharge (i.e. no sentence of imprisonment) for his unrelated state charge for Robbery in the First Degree.  Moreover, his Section 2255 motion makes no effort to show "cause" for why he failed to raise the issue on appeal (for example, he does not allege ineffective assistance of counsel as it pertains to that claim) nor does it allege that he is "actually innocent" of the charge to which he pleaded guilty.   This is understandable, considering that counsel was able to persuade the Court that the defendant should be sentenced at the bottom of the applicable Guideline range, and only eight months more than the statutory mandatory minimum 15 year sentence, notwithstanding his substantial criminal history, and therefore appears to have been effective in regard to sentencing.  Likewise, it would be hard for the defendant to argue that he was "actually innocent" in light of his guilty plea, not to mention the seizure of the firearm from his person, and his admission to police.  Accordingly, all of his claims have been procedurally defaulted, and his motion should be dismissed in its entirety for this reason alone.

B.      Judicial Fact-Finding By The Court In Regard To Application Of The United States Sentencing Guidelines Did Not Violate The Plaintiff's Constitutional Rights

The defendant claims that findings by the Court in regard to his gun being carried during a drug trafficking crime was inappropriately determined by the judge, even though he was never formally charged with any drug charges. The Supreme Court and the Second Circuit, however, have long upheld the Sentencing Guidelines in regard to the Fifth Amendment Due Process challenges. See United States v. Watts, 519 U.S. 148 (1997); United States v. Vizcaino, 870 F.2d 52 (2d Cir. 1989) (Sentencing Guidelines did not violate due process guaranteed by Fifth Amendment). The recent Supreme Court case of United States v. Booker, 125 S. Ct. 738 (2005), even if applicable to plaintiff's case, which it is not as is set forth below, addressed only Sixth Amendment rights, and did not reverse that precedent. Moreover, it is well-established that for the Sentencing Guideline pertaining to possession of a firearm by and Armed Career Criminal in connection with a controlled substance offense to be applicable, that the defendant need not be actually charged with any drug trafficking crime. United State v. Mellerson, 145 F.3d1255, 1257-1258 (11th Cir. 1998); United State v. Pluta, 144 F.3d 968, 977 (6th Cir. 1998); United States v. Rutledge, 33 F.3d 671, 674 (6th Cir. 1994). See also, U.S.S.G. § 2K2.1, application note 7 (2002).

In his second claim, the defendant similarly argues that the Court violated his Fifth Amendment right when it "add on again more time" for the fact that he had been out of prison for 10 months before this case had arisen, as opposed to that determination being made by a jury of his peers. Initially, this claim is factually incorrect in that because the defendant was an Armed

Career Criminal, the fact of his being out of jail or committing the crime within two years of being released from jail, was not a factor that entered into his ultimately being determined to be a criminal history category VI.  He was determined to be a criminal history category VI because he was an armed career criminal subject to 18 U.S.C. § 924(e), and he possessed the firearm in connection with a controlled substance offense.  PSR at ¶ 54.  Moreover, even if the two criminal history points for committing this offense within two years of release, were not counted, because of the defendant's extensive criminal history, he would still have 28 criminal history points placing him well beyond the threshold 13 points to qualify as criminal history category VI.  Additionally, as noted above, application of the Sentencing Guidelines by the Court does not violate Fifth Amendment rights.

    In his third claim, plaintiff alleges that his Sixth Amendment rights were violated because he "was never informed by counsel or anyone else that [his offense level] would be bumped up from 28 to 34 do (sic) to enhancement."  This statement is false, as is noted above, as the defendant was fully advised at the time of his guilty plea that the Court would be making sentencing determinations, and expressly stated that he understood such in his plea agreement (doc. #51 at 3).  Moreover, he did not object to the sentencing guideline calculation at sentencing.

    At any rate, to the extent the defendant intends to make a claim pursuant to United States v. Booker, as to any of his claims, the Second Circuit in Guzman v. United States, held that the rule announced in Booker is a new criminal procedure that "is not retroactive; it does not apply to cases on collateral view where the defendant's conviction was final as of January 12, 2005, the date that Booker issued."  404 F.3d 139, 140 (2d Cir. 2005).  Here, the Second Circuit granted

defendant's motion to withdraw his appeal on September 28, 2004. See Exhibit C. The express holding of Guzman applies here and precludes the defendant from obtaining any relief under Booker in Section 2255 proceedings.

    C.    Evidence Of Impeachment Regarding Conduct After Testimony and Conviction Is Not A Grounds For Habeas Relief For Defendant

The plaintiff, in his Motion for Appointment of Counsel, filed April 13, 2005, raises for the first time that a law enforcement witness who testified at his suppression hearing, Officer Nathaniel Ortiz, had been arrested for criminal conduct relating to falsifying police reports. Contrary to his assertions in that motion, plaintiff never raised a claim that the officer committed perjury during his testimony at the suppression hearing as part of his petition. The plaintiff makes no request in regard to that allegation other than his request for appointment of counsel. However, if his claim is that the subsequent allegations against Detective Ortiz entitle plaintiff to reopen his judgment or suppression hearing, such relief is not available based upon the allegations against Officer Ortiz. The conduct alleged against the officer pertain to conduct well-after his testimony at the suppression hearing, and indeed, months after the defendant's guilty plea and subsequent sentence and conviction in this matter.

It is well established that a motion for new trial, based on newly discovered evidence, is granted only "in the most extraordinary circumstances." United States v. Petrillo, 237 F.3d 119, 123 (2d Cir. 2000). To succeed on such a motion, a defendant must show that (1) "the newly discovered evidence could not with due diligence have been discovered before or during trial"; (2) "when the newly discovered evidence focuses on the perjury of a witness, . . . the evidence demonstrate that the witness in fact committed perjury"; (3) "the newly discovered evidence [is]

material"; and (4) the newly discovered evidence is not "cumulative". <u>United States v. White</u>, 972 F.2d 16, 20-21 (2d Cir. 1992). "The discovery of new evidence which merely discredits a government witness does not directly contradict the government's case ordinarily does not justify the grant of a new trial." <u>United States v. Spence</u>, 4 F.3d 115, 119 (2d Cir. 1993) (quoting <u>United States v. Sposato</u>, 446 F.2d 779, 781 (2d Cir. 1971).

The undersigned Assistant United States Attorney has reviewed the State of Connecticut arrest warrant affidavit against the witness, Officer Ortiz. The allegations pertain to alleged false statements in an affidavit executed on August 28, 2004, and the return on that warrant prepared on September 2, 2004. The case is still pending. Here, the allegations against the law enforcement witness, Officer Nate Ortiz of the Hartford Police Department, all pertain to conduct that occurred in August of 2004, over four months after the defendant's conviction and Judgment entered and over a year after Officer Ortiz testified at the Suppression Hearing. Clearly, under those facts, the Government would have been unable to disclose the existence of the potential impeachment material at the time of the testimony as the alleged events had not yet occurred. Moreover, even if viewed on the standard of newly discovered evidence, the allegations would not arise to a level to permit a reopening of the case in that they pertained solely to the impeachment of the witness. Therefore, these allegations do not provide relief to the plaintiff in regard to his petition, even if they were appropriately raised.

III.  CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's § 2255 motion in its entirety.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

BY: _____
JOHN B. HUGHES
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct05289

FOR: THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, Connecticut 06103
Tel. (860) 947-1101
Federal Bar No. ct 03467

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 10th day of June, 2005, to the following:

Edward L. Dailey
Inmate No. 14973-014
P. O. Box 1000
Lewisburg, PA 17886

BY: _____
JOHN B. HUGHES
ASSISTANT UNITED STATES ATTORNEY

FOR: THOMAS V. DAILY
ASSISTANT UNITED STATES ATTORNEY
