UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 NOV 28 P 2: 09

U.S. DISTRICT COURT
NEW HAVEN, CT

EDWARD L. DAILEY,

        Petitioner:                    Case No. 3:02-CR-340(JBA)

v.


UNITED STATES OF AMERICA,

        Respondent:

### TRAVERSE AND CLARIFICATION

    Named Petitioner, Edward Dailey, proceeding pro-se, in the above entitled action, submits this Traverse and Clarification Motion in response to the Government's Opposition to his Section 2255 Motion. For the following reasons, Petitioner moves this Honorable Court to deny the Government's request and grant Petitioner's Section 2255 motion.

### Preliminary Statement

    In this traverse, Petitioner only addresses these points that require additional clarification or explanation. After further extensive research Petitioner would like to clarify the following issues.*

---

\* Because the Petitioner is proceeding pro-se, under the AEDPA and is limited to "one bite at the § 2255 apple," Petitioner request that this Court give him a little latitude when considering this Traverse/Clarification. In addition, the Government should be entitled to reply to the Petitioner's Traverse/Clarification

PRO SE DECLARATION

Petitioner is demonstratively unlearned in the complicated skills of federal criminal procedure and the even more complex arts of appellate brief writing. However, if this Court can reasonably read the pleading to state a valid claim, the Court should grant despite poor syntax, and failure to cite the proper authority. **Haines v Kerner**, 404 U.S. 652 (1972) (holding pro se complaints to less stringent standards than formal pleadings drafted by lawyers).

> I.. The Dramatic Increase of Petitioner's Statutory Sentencing Range From 0 to 10 Years to 15 Years to Life Pursuant to Title 18 U.S.C. § 924(c) Violated His Right to Grand Jury Indictment, And His Fifth Amendment Right to Proof of All Elements of a Charge Beyond a Reasonable Doubt, And His Sixth Amendment Right to a Jury Trial in a Criminal Case

In **Blakely v. Washington**, 124 S.Ct. 2531 (2004), the Supreme Court of the United States expanded the **Apprendi** rule to include sentences that are above the Sentencing Guidelines but below statutory maximums. Blakely was sentenced to prison for more than three years beyond "what the law allowed for the crime to which he confessed," on the basis of a judge's finding by a preponderance of the evidence standard, that he had acted with deliberate cruelty." The Court held:

---
1/ It should be noted that it is not the harsher sentence, but the offer of a second prosecution for the same offense based on an oversight by counsel, the Government, and the Court that causes the Double Jeopardy violation in this case.

> "[T]he Framers would not have thought it too much to demand that, before depriving a man of three years of his liberty, the state should suffer the modest inconvenience of submitting its accusation to the unanimous sufferage of twelve of his equals and neighbors, 4 **Blackstone, commentaries,** at 343, rather than a lone employee of the state." **Id.**

A jury must find not only the facts that make up the crime of which the offender is charged, but also all punishment - increasing facts. Thus, the Court now requires identical treatment of a "traditional sentencing factor" and an "element of a greater offense." Yet, the exception of recidivisim remains.

After, the recidivist exception becomes even more problematic given that **Blakely** appears to completely do away with the distinction between a traditional sentencing factor and an element of a greater offense, such that now "any fact that increases the upper bound on a judge's sentencing discretion is an element of the offense," despite whether that fact was a traditional basis for increasing an offender's sentence, **Blakely**, 124 S.Ct. 2531 (O'Connor, J., dissenting).2/

The fact that recidivism is "a traditional sentencing factor, appears to be the primary reason the **Almendarez-Torres** Court held that recidivism need not be proven beyond a reasonable doubt when it is grounds for a sentence enhancement. **Almendarez-Torres**, 523 U.S. at 231. **Blakely** appears to do away with the principle reason **Almendarez-Torres** held that recidivism need not be included in the indictment, nor proven beyond a reasonable doubt, and therefore, casts further doubt as to the stare decisis value of **Almendarez-Torres**.

It is interesting to note that in her dissent in **Blakely**, Justice

---

2/ Petitioner contends that Justice O'Connor;s dissent gives the best understanding of the majority's holding in **Blakely**.

O'Connor seems to imply that an exception for recidivism no longer exists. She wrote:

> "[T]here are additional costs. For example, a legislature might rightly think that some factors bearing on sentencing, such as prior bad acts or criminal history, should not be considered in a jury's determination of a defendant's guilt - such **character evidence** has traditionally been off limits during the guilt phase of criminal proceedings because of its tendency to influence the passions of the jury ... If a legislature desires uniform consideration of such factors at sentencing, but does not want them to impact a jury's initial determination of guilt, the state may have to bear the additional expense of a separate, full-blown jury trial during the penalty phase proceeding."

Blakely, supra., (O'Connor, J., dissenting, Joined by Justice Breyer, Justice Kennedy and the Chief Justice).

### Title 18 United States Code, Section 924(e)-

Unlike sentence enhancements based solely on prior convictions, before a sentencing court may enhance a defendant's sentence under Title 18 U.S.C. § 924(e) the statute at issue here, it must make particularized findings regarding the defendant.

18 U.S.C. § 924(e), states in relevant part that:

> "[(e)(1) In the case of a person who violates section 922(g) of this Title and has three previous convictions by any court ... for a <u>violent felony</u> or a <u>serious drug offense</u>, or both committed on ocasions different from one another ..." Id.

The term "serious drug offense" means an offense under the Controlled Substances Act, for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A)(i)(ii).

The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use or threatened use of physical force against the person of another; or is burglary, arson, or extortion, involves

use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. Title 18 U.S.C. § 924(e)(2)(B)(i)(ii).

Given the above stated law as it apply to the facts of this case, Petitioner contends the factors 3/ (stated above) necessary for a conviction and/or sentence under § 924(e), has not been charged in the indictment or found by a jury beyond a reasonable doubt.

In **Brown v. Greiner**, 258 F.Supp.2d 68 (E.D.N.Y. 2003), the court held that findings regarding the history and character of the defendant's prior and the nature and circumstances of his criminal conduct exposed him to greater punishment than that authorized by the jury's verdict. **Id.** at 91. This is such a case.

In sum, it is Petitioner's position that his sentence of 15 years violated the clear mandate of **Apprendi** and **Blakely**, because his sentence is based on numerous factual findings, other than the fact of a prior conviction, made by the sentencing court and not submitted to a jury or admitted by the Petitioner.

> II. Whether **Booker** and **Shepard** Renders Title 18
> United States Code, Section 924(e) Unconstitutional
> as Applied in This Case?

Petitioner challenges only his sentence and not his conviction, on the basis of the principles announced in **United States v. Booker**, 125 S.Ct. 738 (2005) and **Shepard v. United States**, ___ U.S. ___, (2005) WL 516494 (March 7, 2005). The issue herein involves whether, in light of **Booker** and **Shepard** Petitioner's Sixth Amendment rights were violated by the District Court's application of the once manda-

---

3/ (i.e., A serious violent felony or serious drug offense punishable by 10 years or more.)

tory, but now - advisory, United States Federal Sentencing Guidelines, specifically, the application of the Career Offender enhancement, 18 U.S.C. § 924(e).

Furthermore, the Supreme Court in **Shepard** has once again expressed serious constitutional doubt about the continuing viability of the prior conviction exception set forth in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). See, <u>Shepard</u>, 2005 WL 516494 at *8 (holding that while the issue of whether defendant's conviction for "generic burglary" constituted a predicate conviction under the Armed Career criminal Act "can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to <u>Jones</u> and <u>Apprendi</u>, to say that <u>Almendarez-Torres</u> clearly authorizes a judge to resolve the dispute"); see also id. at *9 (Thomas, J., concurring) ("<u>Almendarez-Torres</u> ... has been eroded by this Court's subsequent Sixth amendment jurisprudence, and a majority of the court now recognizes that <u>Almendarez-Torres</u> was wrongly decided"). Under these circumstances, the sentencing issue raised by Petitioner should be vacated.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully request that this honorable Court grant his § 2255 motion.

Respectfully Submitted

*Edward Dailey*
Edward Dailey

11-28-05

22