UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDWARD L. DAILEY         :
                         :
v.                       :         Civil No. 3:05cv223 (JBA)
                         :         Crim. No. 3:02cr340 (JBA)
UNITED STATES            :

### Ruling on Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

Petitioner Edward L. Dailey ("Dailey") moves pursuant to 28 U.S.C. § 2255 for an order vacating, setting aside or correcting his sentence [Doc. # 80] of 188 months' imprisonment, which was imposed after his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He claims his sentence violated the Fifth and Sixth Amendments because the Court determined for sentencing purposes that he qualified as a career offender due to his prior convictions, that the firearm was possessed in connection with a narcotics offense, and that he committed the instant offense within ten months of his release from prison for another offense. Dailey also moves for appointment of counsel [Doc. # 84]. For the following reasons, his motions will be denied.

### I.   Factual Background

Dailey was arrested on October 8, 2002, in Hartford, Connecticut, and found to be in possession of a loaded Lorcin .25 caliber handgun. He was indicted on November 26, 2002 on one count of possession of a firearm by a convicted felon.

1

Indictment [Doc. # 1].  He moved to suppress the evidence of the firearm found on his person, which motion this Court denied after extended hearings and briefing.  United States v. Dailey, No. 3:02cr340 (JBA), 2003 WL 23100329 (D. Conn. Dec. 30, 2003). Dailey then entered a plea of guilty on February 9, 2004, conditioned on his right to appeal the suppression ruling.

In his plea agreement and petition to plead guilty, Dailey acknowledged that he faced a mandatory minimum sentence of 15 years imprisonment and maximum of life imprisonment if the Court found him to be a career offender under the Armed Career Criminal Act, 18 U.S.C. § 924.  See Plea Agreement [Doc. # 51] at 2; Plea Petition [Doc. # 52] at 3.  He also acknowledged that "the Sentencing Guidelines apply in this case," and that he "expressly underst[ood] that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report."  Plea Agreement at 3; see also Plea Petition at 4-5 ("My attorney has advised me that in certain instances under the Guidelines, conduct which is found or stipulated to have occurred will be taken into consideration in computing the Guidelines even though that conduct does not form the basis of the specific count(s) to which I am pleading guilty.").

The Court sentenced Dailey on May 25, 2004.  See Sentencing

Transcript ("Tr.") [Doc. # 86]. At that proceeding, Daily's attorney objected to several minor factual points in the presentence investigation report ("PSR"), but otherwise concurred with the Criminal History and Guidelines range calculated by the Probation Officer. See Tr. at 8. The offense level was calculated to be 34, with three points subtracted for acceptance of responsibility, for a total offense level of 31. Id. at 7-8. Dailey's criminal history was agreed to be category VI, due to his status as a career offender, which was not disputed at sentencing. Id. at 8. This resulted in a Guidelines range of 188 to 235 months. Seeing no reason "to do other than impose sentence at the bottom of the guideline," the Court imposed a sentence of 188 months, followed by five years' supervised release. Id. at 22-23.

Dailey filed a Notice of Appeal on June 3, 2004. [Doc. # 62]. On September 22, 2004, he pleaded guilty in Connecticut Superior Court, Judicial District of Hartford, to charges of first degree robbery and conspiracy to commit robbery stemming from an incident on June 5, 2002. See U.S. Mem. in Opp. [Doc. # 89], Ex. D (Tr. of Guilty Plea 9/22/04). At his change of plea hearing Dailey was represented by his state public defender, with his federal public defender also appearing. Id. at 1. The Superior Court (Thomas P. Miano, J.), accepted the joint recommendation of the State and the defense attorneys to sentence

Dailey to an unconditional discharge on the robbery charges in return for the withdrawal of Dailey's Second Circuit appeal in the federal case.[1]  See Tr. of Guilty Plea at 12 ("THE COURT: Now, do you understand that piece of paper that you're signing[,] that's withdrawing your appeal forever?  Do you understand that?  THE DEFENDANT: Yes.").  The motion to withdraw the appeal was filed with the Second Circuit on September 24 and granted on September 28, 2004.  U.S. Mem. in Opp., Ex. C.

Dailey subsequently filed this § 2255 petition attacking the validity of his sentence, primarily on the grounds that his sentence was increased based on facts found by the Court, see Traverse and Clarification [Doc. # 94], and, it appears, also on the basis that his Guidelines were incorrectly calculated.

## II.  Discussion

### A.  Procedural Default

Any claim that Dailey's sentence was calculated incorrectly under the Guidelines is procedurally defaulted because Dailey failed to raise this argument on appeal.[2]  As the Supreme Court

---

[1] The sentence was also based on the understanding that if Dailey received an unconditional discharge on the state charges he would receive federal credit from the Bureau of Prisons for the two years he spent in state custody awaiting trial on the robbery charges.  See Tr. of Guilty Plea 9/22/04 at 3-7. Dailey raises no claims with respect to this aspect of his plea agreement.

[2] The Court does not hold that Dailey's Sixth Amendment challenge to the application of the Guidelines generally is procedurally defaulted, as United States v. Booker, 543 U.S. 220

held in <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998), "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal. Indeed, the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." Thus, where the petitioner had contested his sentence on appeal but not the validity of his guilty plea, his challenge to the guilty plea was defaulted. <u>Id.</u> The only exceptions to the procedural default rule occur if the petitioner can make a showing that he is "actually innocent" or show "cause and actual prejudice" for the default. <u>Id.</u> at 622; <u>see also</u> <u>Doe v. Menefee</u> 391 F.3d 147, 161 (2d Cir. 2004).

In this case, Dailey filed a Notice of Appeal contesting his guilty plea but not his sentence, and stating that the orders appealed from were this Court's 12/30/04 ruling denying the suppression motion, the 11/7/03 ruling denying the motion to preclude certain Government evidence, and the 5/25/04 entry of judgment. <u>See</u> Notice of Appeal (checking box marked "This appeal concerns conviction only"). He subsequently withdrew the appeal in exchange for an unconditional discharge on his state robbery case. Therefore he neither raised nor pursued to decision any issue concerning his sentence on appeal.

---

(2005), was decided after Dailey withdrew his appeal, and therefore Dailey could not have known of the existence of this claim at that time.

Dailey makes no claim of actual innocence and he does not attempt to show "cause" for failure to appeal the calculation of his sentence. He does not, for instance, claim ineffective assistance of counsel with respect to his abandoned appeal. Therefore any claim that the Court misapplied the Guidelines must be denied as procedurally defaulted.

**B.   Apprendi/Blakley/Booker Claims**

Dailey also raises Sixth Amendment challenges to his Guidelines sentence under the Apprendi/Blakley/Booker line of cases.[3] He argues that the Court improperly increased his sentence based on his prior criminal history; improperly added criminal history points due to the fact that he committed the instant offense within two years of his release from custody; and improperly determined as a factual matter that he possessed a gun in connection with a narcotics trafficking offense. His arguments are unavailing.

First, even under United States v. Booker and its predecessors, it is constitutionally permissible for the Court to enhance a sentence based on an offender's previous convictions. 543 U.S. 220, 244 (2005) ("...we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is

---

[3] In his Traverse, petitioner pursues only his Sixth Amendment arguments, and given that the basis for the Fifth Amendment claim in his petition was unclear, the Court does not address it.

necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis supplied). This exception is due to the "procedural safeguards attached to any 'fact' of prior conviction..." Apprendi v. New Jersey, 530 U.S. 466, 488 (2000). Contrary to petitioner's argument, while Apprendi, id. at 489, questioned the continued viability of the "recidivism" exception, this exception was clearly reaffirmed in Booker, 543 U.S. at 244, and Blakeley v. Washington, 542 U.S. 296, 301 (2004). Therefore the Court's career offender determination, based on Dailey's record of prior criminal convictions, did not violate his Sixth Amendment rights.

More importantly, the Second Circuit has determined that Booker does not apply retroactively to judgments of conviction entered prior to the date of decision in that case, January 12, 2005. Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005), cert. denied, __U.S.__, 126 S. Ct. 731 (2005) ("...Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued."). Dailey's conviction became final on May 25, 2004. For this reason, Dailey is not entitled to relief under Booker.

**C.  Ineffective Assistance of Counsel**

In his Traverse and Clarification, Dailey appears to have abandoned his claim that his attorney was ineffective for failing to apprise him of the fact that the Court would engage in factfinding when making its Guidelines calculations, and that his sentence could be enhanced on this basis.  Regardless, this claim is clearly without merit, as Dailey stated on the record during his change of plea as well as in his signed Plea Petition and Plea Agreement that he understood the Guidelines applied and the Court might find facts relating to his sentence that were not specifically related to the crime of conviction.  See supra p. 2.

**D.  Officer Ortiz**

Although not raised in his habeas petition, Dailey argues in his motion for appointment of counsel that his conviction and sentence should be vacated because Officer Ortiz, who testified at the suppression hearing in this case, subsequently was "arrested for criminal conduct which consisted of drug dealing and falsifying police reports."  See Mot. for Appt. of Counsel at 1.  The Government represents that Ortiz's arrest, which has not been adjudicated, relates to an affidavit and return on a warrant prepared in August and September 2004, several months after the judgment entered in Dailey's case and over a year after the officer testified at the suppression hearing.

Dailey appears to allege that because Ortiz was arrested in

September 2004 for making a false statement, he must have committed perjury during Dailey's suppression hearing in 2003. This argument is entirely speculative, as Dailey does not allege that any aspect of Ortiz's actual testimony during the suppression hearing constituted perjury.

"[W]hen the district court learns of newly discovered evidence after a conviction, it should provide relief if the defendant makes a showing that the evidence is in fact 'new,' i.e., it could not have been discovered, exercising due diligence before or during trial, and that the evidence is so material and non-cumulative that its admission would probably lead to an acquittal." United States v. Spencer, 4 F.3d 115, 119 (2d Cir. 1993) (internal citations and quotation marks omitted). However, "[t]he discovery of new evidence which merely discredits a government witness and does not directly contradict the government's case ordinarily does not justify the grant of a new trial." Id. (internal citations and quotation marks omitted).

Here, evidence concerning Ortiz's arrest subsequent to the suppression hearing is "new," and apparently not cumulative, but it is not so material that it would likely have led to a different outcome on the suppression motion. Where "persuasive independent evidence" exists supporting the result, the Second Circuit has held that impeachment evidence is not likely to be material. Id. Here, as detailed in the Court's ruling, Dailey,

9

2003 WL 23100329 at * 1-2, 8, there was ample, persuasive, independent evidence supporting the existence of reasonable suspicion for the Terry stop, including a tip from a reliable confidential informant that a person matching Dailey's description was armed with a semi-automatic handgun and was involved in narcotics transactions at 73-75 Earle Street in Hartford, the police officers' 30-minute surveillance of that location, which indicated ongoing drug activity, and the officers' knowledge of that location as a "drug hot spot and the site of prior criminal incidents." Id. at *8. Officer Ortiz's testimony on these facts was largely corroborated by Officer Baidy. Id. at *3-4. On this record, the Court cannot conclude that Ortiz's subsequent arrest would have materially altered its decision on Dailey's motion to suppress evidence of the handgun.

**III. Conclusion**

Accordingly, Dailey's motion pursuant to 28 U.S.C. § 2255 [Doc. # 80] is DENIED. His motion for appointment of counsel [Doc. # 84] is DENIED as moot.

IT IS SO ORDERED.

/s/_____
JANET BOND ARTERTON
United States District Judge

**Dated at New Haven, Connecticut, this 16th day of June, 2006.**